■    ALTHEA R. L. GOLDBERG, Appellant, v. MARTIN SCHWARTZ et al., Respondents. (And a Third-Party Action.) — Order of the Supreme Court, Queens County, dated December 16, 1966, which granted defendants' motion to dismiss the complaint on the ground of general delay, reversed, without costs, and motion denied, without costs. We have held that CPLR 3216 (as amd. by L. 1967, ch. 770, eff. Sept. 1, 1967), shall be applied to all appeals reaching us after that effective date. Therefore defendants should have given the 45-day notice required by the statute, as amended, as a condition precedent to the motion for dismissal.· No such notice was served by them. Moreover, on this record there was no persuasive showing by defendants that the delay was excessive or inexcusable, that prosecution of the action had been abandoned by plaintiff, or that the delay was prejudicial to defendants; in addition, since the Statute of Limitations has run, dismissal of the action would result in the loss of whatever right of action plaintiff may have against these defendants (see, *Terasaka* v. *Rehfield,* 28 A D 2d 1011; *Kaprow* v. *Jacoby,* 28 A D 2d 722). Beldock, P. J., Christ, Benjamin, Munder and Martuscello, JJ., concur.

■    WILLIAM T. HOUSE, Respondent, v. ALLSTATE INSURANCE COMPANY, Appellant.— Order of the Supreme Court, Kings County, dated October 18, 1967 and made on reargument, affirmed insofar as appealed from, with $20 costs and disbursements. No opinion. Appeal from order of said court dated September 28, 1967, dismissed, without costs. That order was superseded by the order of October 18, 1967, which granted reargument. Beldock, P. J., Christ, Brennan, Rabin and Hopkins, JJ., concur.